**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**HERSCHELL BELL,**

      **Plaintiff,**

**v.**                                 **CASE NO. 8:10-CV-1534-T-33EAJ**

**MICHAEL J. ASTRUE,
Commissioner of Social
Security Administration,**

      **Defendant.**

_____ /

### REPORT AND RECOMMENDATION

      Plaintiff brings this action pursuant to the Social Security Act (the Act), as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Supplemental Security Income ("SSI").

      After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the administrative record, and the pleadings and memoranda submitted by the parties in this case, the undersigned recommends that the Commissioner's decision be reversed and this case be remanded for further administrative proceedings.

      In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with applicable legal standards. See 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's

findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner.  See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard.  See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).  If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required.  See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

## Background

Plaintiff filed an application for SSI on June 18, 2003, alleging a June 3, 2003 onset date. (T 12)  The application was denied initially and upon reconsideration, and an administrative hearing was held on January 18, 2006.  (Id.)  An ALJ denied the application the following May, and the Appeals Council denied review.  (T 6, 19)

Plaintiff's initial appeal to this court resulted in a remand for further administrative proceedings.[1]  (T 490-91) The same ALJ held a second administrative hearing on March 16, 2010. (T 472) Fifty-two years old at the time of the hearing, Plaintiff had a high school equivalent education and past work experience as a cook, surgical tools assembler, construction laborer, and case intake worker.  (T 664-69)

On April 16, 2010, the ALJ denied Plaintiff's application.  (T 483)  The ALJ found that Plaintiff's severe impairments included history of hepatitis C, history of gastritis, alcoholic pancreatitis, peptic ulcer disease, benign essential hypertension, history of prostate cancer, diabetes

---

[1] Remand was ordered because the ALJ erred in finding Plaintiff's mental impairments non-severe and in restricting counsel's cross-examination of a vocational examiner.  (T 490)

2

mellitus II, lumbar spine degenerative disc disease, and a mental condition variously diagnosed as depression, anxiety with panic disorder, anti-social personality disorder, and bereavement, but that these impairments, individually or in combination, did not meet or medically equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App. 1.  (T 474)  Despite these impairments, Plaintiff was determined to have a residual functional capacity ("RFC") to perform light work subject to the following limitations: no frequent interactions with the public; no frequent activities involving social demands, particularly involving crowds; no activities through which Plaintiff could contaminate others with hepatitis C, such as food preparation; a moderate limitation in maintaining concentration, persistence, and pace; no more than simple, routine, repetitive instructions; and no high stress, production-oriented, or complex work.  (T 475)  Finding Plaintiff capable of performing jobs available in significant numbers in the national economy, such as cleaner, copy machine operator, and folding and inserting machine operator, the ALJ concluded that Plaintiff was not disabled during the relevant period.  (T 482-83)  As Plaintiff did not seek review by the Appeals Council, the ALJ's decision is the final decision of the Commissioner.

The medical evidence has been summarized in the decision of the ALJ and will not be repeated here except as necessary to address the issues presented.

## Analysis

Plaintiff contends that the ALJ erred by: (1) discounting the opinions of two examining psychologists; and (2) discounting Plaintiff's subjective testimony.

## I.    Examining Psychologists' Opinions

Plaintiff contends that the ALJ should not have discounted the opinions of examining psychologists Michael Eastridge, Ph.D. ("Dr. Eastridge") and Gerald Hodan, Ph.D. ("Dr. Hodan").

a.   **Dr. Eastridge's Opinion**

In March 2006, Plaintiff saw Dr. Eastridge for a psychological evaluation.  (T 409-13)
Plaintiff reported that he could bathe himself, prepare meals in a microwave oven, make sandwiches
and light meals, take out the garbage, place dishes in a dishwasher, and read a Bible for a limited
period of time.  (T 412)  Demonstrating concentration difficulties, Plaintiff "refused," according to
the examiner, to attempt to perform serial sevens or to recall digits in reverse, exhibiting clear
anxiety as to the latter.  (T 410)  In addition to interviewing Plaintiff, Dr. Eastridge administered a
Personality Assessment Inventory ("PAI") and a Conners' Continuous Performance Test ("CCPT").
(T 411)  Although he rejected the results of the former due to Plaintiff's over-endorsement of
symptoms, he relied on the results of the latter, which indicated a marked restriction in maintaining
concentration.  (Id.)  Dr. Eastridge diagnosed moderate major depression without psychosis, social
phobia, reported occasional polysubstance abuse, personality disorder (not otherwise specified),
hepatitis C and pain by history, stress, and moderate unemployability.  (Id.)  He assigned Plaintiff
a GAF score of 50/55, reflecting moderate or serious mental limitations.[2]  (Id.)  Dr. Eastridge opined
that significant impairments in Plaintiff's ability to concentrate and sustain attention precluded
Plaintiff from maintaining vigilance for fifteen minutes while performing sedentary work.  (T 412)
Dr. Eastridge further indicated that Plaintiff's task persistence was impaired by a lack of confidence
and discomfort when required to perform under pressure.  (T 413)

---

[2] A GAF score of 41-50 reflects "[s]erious symptoms (e.g., suicidal ideation, severe
obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or
school functioning (e.g., no friends, unable to keep a job)."  American Psychiatric Association,
Diagnostic and Statistical Manual of Mental Disorders ("DSM-IV-TR") 34 (4th ed. text rev. 2000).
A GAF score of 51-60 reflects "[m]oderate symptoms (e.g. flat affect and circumstantial
speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school
functioning (e.g., few friends, conflicts with peers or co-workers)."  Id.

After thoroughly discussing Dr. Eastridge's report, the ALJ assigned it limited weight because Dr. Eastridge saw Plaintiff only once, the report was based on Plaintiff's subjective complaints, subjective testing, and minimal objective findings, the report was inconsistent with Plaintiff's daily activities, and Plaintiff's counsel requested the examination in support of Plaintiff's claim.  (T 479)  Dr. Eastridge also questioned the validity of some test results.  (Id.)  Plaintiff submits these were improper reasons to discount Dr. Eastridge's opinion.

"[T]he opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician."  Broughton v. Heckler, 776 F.2d 960, 962 (11th Cir. 1985) (per curiam) (citation and internal quotation marks omitted).  Nonetheless, the opinion of a one-time examiner is "not entitled to great weight."  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1160 (11th Cir. 2004) (per curiam) (citation omitted).  Thus, the ALJ did not err in considering Dr. Eastridge's status as a one-time examiner in assigning his opinion little weight.

The ALJ did err, however, in discounting Dr. Eastridge's opinion as based on subjective complaints, subjective testing, and minimal objective findings.  Had Dr. Eastridge relied on nothing more than Plaintiff's subjective complaints, discounting the opinion on that basis might have been appropriate.  See Ogranaja v. Comm'r of Soc. Sec., 186 F. App'x 848, 850 (11th Cir. 2006) (per curiam) (unpublished).  Because Dr. Eastridge also relied on his own cognitive evaluation and the results of the CCPT, his opinion should not have been discounted as the product of nothing more than subjective complaints.  See Choquette v. Comm'r of Soc. Sec., 695 F. Supp. 2d 1311, 1330-31 (M.D. Fla. 2010).

The ALJ's conclusory assertion that the CCPT is a subjective test does not warrant a different conclusion.  Dr. Eastridge described the CCPT as a simple, fifteen-minute, computerized test of

5

vigilance and reaction time, requiring Plaintiff to tap the space bar of a computer keyboard as quickly as possible in response to certain stimuli, and to avoid doing anything in response to other stimuli. (T 411) Plaintiff's responses were slow, his response speed slowed as the test progressed, he gave more variable responses as the test progressed, he was highly inconsistent in responding, and the length of time between stimuli caused his response speed and response consistency to fluctuate unusually.   (T 418)  The results indicated inattentiveness and problems with attention.  (Id.)  Dr. Eastridge relied on these results without expressing any reservation.  The ALJ should not have rejected Dr. Eastridge's interpretation of the results by merely dismissing the CCPT as subjective. See Aguirre v. Astrue, No. ED CV 08-1176-PLA, 2009 WL 3346741, at *7 n.7 (C.D. Cal. Oct. 14, 2009).

Nor should the ALJ have discounted the results of the CCPT because Dr. Eastridge questioned the validity of the PAI.  Indeed, Dr. Eastridge's expression of doubt as to the validity of the PAI suggests that he did not have doubts as to the validity of the CCPT, which he relied on without reservation in determining Plaintiff's functional limitations.

Plaintiff's reported daily activities were also not a proper reason to discount Dr. Eastridge's report.  Plaintiff's stated ability to bathe himself, prepare meals in a microwave oven, make sandwiches and light meals, take out the garbage, place dishes in a dishwasher, and read a Bible for a limited period of time was not inconsistent with an inability to maintain vigilance for fifteen minutes while performing sedentary work.

Finally, the ALJ should not have discounted Dr. Eastridge's opinion merely because it was obtained at Plaintiff's counsel's request.  See Mulholland v. Astrue, Civil Action File No. 1:06-CV-2913-AJB, 2008 WL 687326, at *13 (N.D. Ga. Mar. 11, 2008).  Defendant cites no

6

regulation authorizing an ALJ to discount a physician's opinion for this reason.

Although Dr. Eastridge's opinion was not entitled to great weight, the ALJ's treatment of that opinion was influenced by multiple improper considerations.  Because substantial evidence does not support the ALJ's stated reasons for discounting Dr. Eastridge's opinion, this case must be remanded to afford the ALJ an opportunity to re-evaluate that opinion.

### b.    Dr. Hodan's Opinion

In February 2010, at Plaintiff's counsel's request, Plaintiff saw Dr. Hodan for a psychological evaluation.  (T 656)  Dr. Hodan's cognitive evaluation indicated that Plaintiff was alert, clear-thinking, and in no acute distress, with a good general information fund, average common sense, and the ability to abstract similarities well.  (T 658)  Plaintiff was also quite depressed, however, with weak cognitive abilities and significant deficits in attention, concentration, and short-term memory. (Id.)  He was unable to recall any of three unrelated words after a delay or to perform serials threes backwards from 100.  (Id.)  On the Social Phobia Inventory, Plaintiff scored in the ninety-ninth percentile, reflecting a severe social phobia.  (Id.)  Plaintiff also scored in the ninety-ninth percentile on a test for generalized anxiety disorder.  (Id.)  Dr. Hodan reported that Plaintiff was limited to simple, repetitive, routine tasks, which he could not perform well in a timely manner.  (T 659) Diagnosing major depressive disorder (moderate to severe), panic disorder, social phobia, generalized anxiety disorder, cocaine dependence (in sustained full remission), and bereavement, he assigned Plaintiff a GAF score of 50.  (T 660)

The ALJ assigned Dr. Hodan's report limited weight because Dr. Hodan saw Plaintiff only once, the opinion was based on Plaintiff's subjective complaints, subjective testing, and minimal objective findings, and Plaintiff's counsel requested the examination in support of Plaintiff's claim.

(T 480)  Although Dr. Hodan's opinion was not entitled to great weight, the other stated bases for discounting the opinion are not supported by substantial evidence.  The ALJ's dismissal of Dr. Hodan's tests as subjective was conclusory.  Further, because Dr. Hodan performed a cognitive evaluation and administered multiple tests before articulating his findings, the ALJ should not have rejected Dr. Hodan's opinion as the product of nothing more than Plaintiff's subjective complaints. Finally, the fact that counsel requested the examination was not itself a proper reason to discount Dr. Hodan's opinion.

The ALJ additionally erred in discounting the opinion as inconsistent with Dr. Hodan's own description of Plaintiff as alert, clear-thinking, and in no acute distress during the examination.  (Id.) This description is not inconsistent with Dr. Hodan's conclusion that Plaintiff could not timely perform simple, repetitive, routine tasks well while working.

The ALJ also reasoned that Dr. Hodan's report was inconsistent with the findings of a nurse practitioner.  (T 480)  Between August 2009 and February 2010, Plaintiff regularly sought treatment for physical ailments from two nurse practitioners.  (T 614-36)  On each visit, one of the nurses conducted a general physical examination, sometimes with a psychiatric component.  In connection with that component, a nurse noted on three occasions that Plaintiff's psychiatric appearance was normal, his mood was euthymic, his affect was normal, and his thought content revealed no impairment.  (T 622, 625, 632)  These findings, however, do not conflict with Dr. Hodan's conclusion that Plaintiff had significant deficits in attention, concentration, and short-term memory which precluded him from timely performing simple, repetitive, routine tasks well while working. Moreover, the ALJ should not have discounted Dr. Hodan's opinion based on the nurses' cursory assessment of Plaintiff's psychiatric condition during general physical examinations given that Dr.

8

Hodan's assessment was based on a cognitive evaluation and the results of two mental status tests.

Because the ALJ articulated multiple improper reasons to discount Dr. Hodan's opinion, this case must be remanded for re-evaluation of that opinion.

## Conclusion

As discussed above, the Commissioner's decision should be remanded for additional fact-finding as is necessary to complete the sequential evaluation.  In reaching this conclusion, however, this court expresses no views as to what the outcome of the proceedings should be.[3]  On remand, each side should be afforded an opportunity to introduce additional evidence on the issues presented.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)     the decision of the Commissioner be **REVERSED** and this case **REMANDED** for further administrative proceedings consistent with the foregoing; and

(2)     the Clerk of Court enter final judgment in favor of Plaintiff pursuant to 42 U.S.C. § 405(g) as this is a "sentence four remand" and close the file.  Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993); Newsome v. Shalala, 8 F.3d 775, 779-80 (11th Cir. 1993). The final judgment should state that if Plaintiff ultimately prevails in this case upon remand to the Social Security Administration, any motion for attorneys' fees under 42 U.S.C. § 406(b) must be filed within fourteen (14) days of the Commissioner's final decision to award benefits.  See Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1278 n. 2 (11th Cir. 2006).

---

[3] Because the Commissioner on remand must re-evaluate Dr. Eastridge's and Dr. Hodan's opinions, and this re-assessment could affect the ALJ's other findings, it is unnecessary to address whether the ALJ improperly discounted Plaintiff's credibility.   See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam).

**Date:  May 20, 2011**

ELIZABETH A JENKINS
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  See 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge