UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HERSCHELL R. BELL,

       Plaintiff,

v.                                     CASE NO:  8:10-cv-1534-T-33EAJ

MICHAEL J. ASTRUE,
Commissioner of Social
Security Administration,

       Defendant.
_____/

**ORDER**

    This cause comes before the Court pursuant to Plaintiff's complaint seeking review of the decision of the Commissioner of the Social Security Administration denying his claim for Supplemental Security Income (Doc. # 1).  Magistrate Judge Elizabeth A. Jenkins has filed her report recommending that the Commissioner's decision be reversed and this case be remanded for further administrative proceedings (Doc. # 18). All parties were furnished copies of the Report and Recommendation and were afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1).  The Commissioner filed Objections to the Report and Recommendation (Doc. # 19), and Bell filed a Response to the Objections (Doc. # 20).

    After conducting a careful and complete review of the

findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence of specific objections, there is no requirement that a district judge review factual findings de novo, Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

The Commissioner argues that the ALJ appropriately rejected the opinions of Dr. Eastridge and Dr. Hodan. However, after careful consideration, the Court upholds the Magistrate Judge's finding that although Dr. Eastridge's opinion was not entitled to great weight, the ALJ's treatment of that opinion was influenced by multiple improper considerations and the substantial evidence does not support the ALJ's stated reasons for discounting Dr. Eastridge's opinion. Similarly, the Court agrees that the ALJ articulated

multiple improper reasons to discount Dr. Hodan's opinion.

The Commissioner also argues that the ALJ properly found Plaintiff's subjective testimony not entirely credible. The Magistrate Judge, however, found it unnecessary to address whether the ALJ improperly discounted Bell's credibility because the Commissioner on remand must re-evaluate Dr. Eastridge's and Dr. Hodan's opinions and this re-assessment could affect the ALJ's other findings (Doc. # 18 at p. 9 n.3). As this was not a basis for the Magistrate Judge's recommendation, the Court need not address the objection.

Upon consideration of the Report and Recommendation of the Magistrate Judge, all objections thereto and responses to objections timely filed by the parties and upon this Court's independent examination of the file, it is determined that the Magistrate Judge's Report and Recommendation should be adopted and all objections overruled.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Magistrate Judge's Report and Recommendation (Doc. # 18) is adopted and incorporated by reference in this Order of the Court. All objections are overruled.

(2) The decision of the Commissioner of the United

      States Social Security Administration is **REVERSED** and this case is **REMANDED** for further administrative proceedings consistent with the Report and Recommendation.[1] Each side should be afforded an opportunity to introduce additional evidence on the issues presented.

(3) The Clerk is directed to enter final judgment in favor of Plaintiff pursuant to 42 U.S.C. § 405(g) as this is a "sentence four remand" and close the case. The final judgment should state that if Plaintiff ultimately prevails in this case upon remand to the Social Security Administration, any motion for attorneys' fees under 42 U.S.C. § 406(b) must be filed within fourteen (14) days of the Commissioner's final decision to award benefits.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 11th day of July, 2011.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

---

[1] The Court reiterates that this Court expresses no views as to what the outcome of the proceedings should be.

4

Copies:

All Counsel of Record